IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATT C. KINCAID,

    *Plaintiff,*

vs.

CBOCS, INC.,
A TENNESSEE CORPORATION
d/b/a CRACKER BARREL OLD
COUNTRY STORE, INC.

and

BRIAN L. FRYE,

    *Defendants.*

Case No. 22-02144-EFM-KGG

**MEMORANDUM AND ORDER**

Plaintiff Matt Kincaid originally filed this case in the District Court of Johnson County, Kansas. He alleged negligence and product liability claims against Defendants Cracker Barrel Old Country Store, Inc. ("CBOCS") and Brian Frye on account of a foodborne illness he allegedly contracted after eating at Defendants' restaurant. Defendants removed the case to this Court, and now move to dismiss Frye for fraudulent joinder (Doc. 6). Plaintiff moves to remand the case to Johnson County District Court (Doc. 12). Both motions require the Court to consider whether Frye was properly joined in this case and are thus best considered together. Because Defendants

fail to meet their burden of proving fraudulent joinder, the Court finds that Frye was properly joined in this case. The Court therefore denies the Motion to Dismiss and grants the Motion to Remand.

## I.     Factual and Procedural Background[1]

Kincaid entered a Cracker Barrel in Olathe, Kansas around 8:30 A.M. on December 18, 2021. He ordered (and ate) a ground beef "hamburger steak" for breakfast. Kincaid reports that he did not consume any other food that day. After several hours, Kincaid began to experience nausea, vomiting, and diarrhea. Because of his symptoms, Kincaid was admitted to the emergency department at St. Luke's South Hospital two days after eating at Cracker Barrel. Kincaid was diagnosed with Escherichia coli (E. coli), a foodborne illness. Kincaid has since undergone multiple surgeries, as well as suffered severe and disabling injuries. As a result, Kincaid missed work and endured long-term hospitalization and severe weight loss.

Brian Frye was a manager of the Cracker Barrel restaurant in Olathe, Kansas where Kincaid claims to have contracted E. coli. The parties acknowledge that Frye was not present at the location, nor did he inspect, handle, prepare, cook, or serve any product to Kincaid on that date. However, Frye is responsible for training employees on proper food storage, preparation, and clean kitchen procedures. Because of the damages Kincaid suffered, he filed suit in Kansas state court against Cracker Barrel and Frye, alleging negligence, product defect, failure to warn, and breach of the implied warranty of fitness for consumption. Defendants removed the action to this Court on the grounds that Frye had been fraudulently joined to prevent removal.

---

[1] These facts, assumed to be true for the purposes of this order, are taken from Plaintiff's state court petition.

## II.   Legal Standard

"Fraudulent joinder is a term of art.  It does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant."[2]  "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[3]  "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."[4]  "In many cases, removability can be determined by the original pleadings and normally the statement of a cause of action against the resident defendant will suffice to prevent removal."[5]  However, "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[6]

"The Tenth Circuit has never explained in a published opinion exactly what it meant in *Dutcher* when it said that the party alleging fraudulent joinder must show the 'inability of the plaintiff to establish a cause of action against the non-diverse party.' "[7] However, "[w]here the Tenth Circuit has upheld the denial of remand, undisputed evidence showed that recovery against the nondiverse defendant was impossible as a matter of law."[8]  "Therefore, in the interests of

---

[2] *Hodge v. Ford Motor Co.*, 2022 WL 2110264, at *1 (E.D. Okla. 2022) (citation omitted).

[3] *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotation and alteration omitted).

[4] *Id.* (quotation omitted).

[5] *Dodd v. Fawcett Publ'n, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

[6] *Id.* (citation omitted).

[7] *Mayes Cty. FOP Lodge #116, Inc. v. Farmers Ins. Exch.*, 2020 WL 6136236, at *2 (N.D. Okla. 2020).

[8] *Id.* (collecting cases).

clarity, and consistent with Tenth Circuit precedent," other courts in this circuit have required "that, in order to demonstrate 'inability of the plaintiff to establish a cause of action against the non-diverse party in state court,' the party asserting federal jurisdiction must show that the plaintiff would have no possibility of recovery against the defendant."[9] Nonliability must be established with complete certainty, a more demanding standard than that under Fed. R. Civ. P. 12(b)(6).[10]

### III.   Analysis

Defendants make only one argument in support of their Motion to Dismiss Fyre for fraudulent joinder; that Kincaid is unable to recover from Frye under any theory he brings. In his state court petition, Kincaid outlined four claims against Frye: negligence, product defect, failure to warn, and breach of the implied warranty of fitness for consumption. The Court need only find a possibility of recovery on one claim to conclude Fyre was not fraudulently joined.[11]

The Kansas Legislature adopted the Kansas Product Liability Act ("KPLA") to "limit the rights of plaintiffs to recover in product liability suits generally and to judge a product for an alleged defect only when it is first sold."[12] The KPLA applies to "all product liability claims regardless of the substantive theory of recovery."[13] "Therefore . . . the provisions of the Act apply to actions based on strict liability in tort as well as negligence, breach of express or implied warranty, and breach of or failure to discharge a duty to warn or instruct."[14] As such, all of

---

[9] *Id.  See also Crabb v. CSAA Gen. Ins. Co.*, 2021 WL 3115393, at *2 (W.D. Okla. 2021); *Hicks v. FG Mins. LLC*, 2020 WL 2104928, at *2 (E.D. Okla. 2020).

[10] *See Dodd*, 329 F.2d at 85 (citation omitted).

[11] *See Dutcher*, 733 F.3d at 988.

[12] *Patton v. Hutchinson Wil-Rich Mfg. Co.*, 253 Kan. 741, 861 P.2d 1299, 1309 (1993).

[13] *Savina v. Sterling Drug, Inc.*, 247 Kan. 105, 795 P.2d 915, 931 (1990).

[14] *Id.*

plaintiff's theories of recovery related to product liability are merged into one product liability claim under the KPLA.[15]

Defendants contend that Kincaid is unable to recover from Frye because Frye was not the seller of the allegedly infectious hamburger steak, as required under Kansas product liability law. The KPLA defines a product seller as "any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use or consumption."[16] Neither party discusses this definition, however, instead preferring to focus on the Second Restatement of Torts. Kansas has "adopted the doctrine of strict products liability as set out in the Restatement (Second) of Torts §402A."[17] The Second Restatement outlines that a seller of a product in a defective condition is liable for the harm causes if "the seller is engaged in the business of selling such a product."[18]

Defendants attempt to interpret the Second Restatement's definition of a product seller according to its "plain language." Under their theory, a product seller is "one who sells a product."[19] Because Frye was not present at the Cracker Barrel during the sale of the hamburger steak to Kincaid that allegedly caused his E. coli infection, Defendants believe that Frye cannot fit within the definition of a seller. Problematically for Defendants, however, their proposed—one might say, circular—definition is far from clear-cut. They further omit any references to Kansas caselaw interpreting the definition of product seller to exclude a person who, though involved in

---

[15] *Cooper v. Zimmer Holdings, Inc.*, 320 F. Supp. 2d 1154, 1158 (D. Kan. 2004).

[16] K.S.A. § 60-3302(a).

[17] *Jenkins v. Amchem Prods., Inc.*, 256 Kan. 602, 886 P.2d 869, 886 (1994).

[18] Restatement (Second) of Torts § 402A(1)(a) (1964).

[19] *Id.*

the management of the entity who sold the allegedly defective product, was not physically present during the relevant sale.

The Court expresses no opinion on the merits of whether Frye was a product seller in this case. That said, the Court easily concludes that Defendants have not met their burden of proving that Kincaid has no possibility of establishing Frye's liability. Defendants have treated this as a clear-cut issue resolved by the plain language of the Second Restatement of Torts. But Defendants ultimately rely on an entirely circular reading of the definition of product seller that is not as clear as they make it out to be. They also completely fail to consider the relevant definition of the term under the KPLA and neglect to cite to any caselaw supporting their definition. The determination of whether Frye was a product seller as it relates to this case is thus an ambiguous legal question, which the Court at this stage must resolve in favor of the non-removing party.[20] The Court cannot conclude on this basis that Defendants have met their high burden of proving Kincaid's inability to establish a products liability cause of action against Frye.

Defendant's Motion to Dismiss Frye on the basis of fraudulent joinder must be denied. Because Frye was properly joined as a Defendant and is not completely diverse from Plaintiff, this Court lacks subject matter jurisdiction, and the case must be remanded.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Fraudulent Joinder (Doc. 6) is **DENIED** and Plaintiff's Motion to Remand (Doc. 12) is **GRANTED.**

---

[20] *Cooper*, 320 F. Supp. 2d at 1162.

**IT IS SO ORDERED.**

Dated this 3rd day of August, 2022.

This case is closed.

<em>[signature]</em>

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE